ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC - 2 2019

CLERK, U.S. DISTRICT COURT

By_____
Deputy

| | |
|---|---|
| OMID ATAYI, individually and on behalf of all others similarly situated, | § § § |
| Plaintiff, | § § § |
| v. | § Civil Action No. 4:19-cv-00928-A § |
| AZZ, INC.; THOMAS E. FERGUSON; and PAUL W. FEHLMAN, | § § § |
| Defendants. | § § § |

## DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF

Elizabeth L. Yingling
elizabeth.yingling@bakermckenzie.com
State Bar No. 16935975
Kimberly F. Rich
kimberly.rich@bakermckenzie.com
State Bar No. 24010344
Allen S. Al-Haj
allen.alhaj@bakermckenzie.com
State Bar No. 24096707

BAKER & MCKENZIE LLP
1900 N. Pearl Street, Suite 1500
Dallas, Texas 75201
214.978.3000—Telephone
214.978.3099—Facsimile

ATTORNEYS FOR DEFENDANTS
AZZ, INC., THOMAS E. FERGUSON
and PAUL W. FEHLMAN

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   BACKGROUND ...................................................................................... 3

    A.    The Parties. ................................................................................ 3

    B.    The Prior Class Action Lawsuit. ................................................ 3

    C.    AZZ's Disclosures of Material Weakness Prior to the Alleged Class Period. ..................................................................................... 5

    D.    The Disclosures of Material Weakness During the Alleged Class Period and the Adoption of a New Accounting Standard. ............... 6

    E.    Plaintiff's Allegations. ............................................................... 8

III.  STANDARD FOR MOTION TO DISMISS ........................................... 9

IV.  ARGUMENTS AND AUTHORITIES .................................................... 11

    A.    Plaintiff Fails to State a Claim Under Section 10(b) and Rule 10b-5. ................. 11

        1.    Plaintiff Fails to Adequately Plead Actionable Misrepresentations or Omissions. ................................................................. 12

            a.    Defendants failed to disclose that the Company's internal controls over financial reporting were not effective. ................... 12

            b.    Defendants failed to disclose that the Company improperly implemented ASC 606 which resulted in improper revenue reconciliations. ........................................................... 13

            c.    Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ............................. 14

        2.    Plaintiff Fails to Adequately Plead Scienter. ......................... 14

        3.    Plaintiff Fails to Adequately Plead Loss Causation. ............... 15

    B.    Plaintiff Fails to State a Claim Under Section 20(a). ..................... 17

V.   CONCLUSION AND PRAYER FOR RELIEF .................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*ABC Arbitrage Plaintiff's Group v. Tchuruk,*
    291 F.3d 336 (5th Cir. 2002) ..................................................................9, 11, 14

*Abrams v. Baker Hughes, Inc.,*
    292 F.3d 424 (5th Cir. 2002) ..................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007).................................................................................9

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496 (5th Cir. 2000) ..................................................................6

*Congregation of Ezra Sholom v. Blockbuster, Inc.,*
    504 F. Supp. 2d 151 (N.D. Tex. 2007) ...................................................15

*In re Dell Sec. Litig.,*
    591 F. Supp. 2d 877 (W.D. Tex 2008)....................................................15

*Dura Pharms., Inc. v. Broudo,*
    544 U.S. 336 (2005)................................................................................15

*Erica P. John Fund, Inc. v. Halliburton Co.,*
    563 U.S. 804 (2011)................................................................................15

*Fin. Acquisition Partners LP v. Blackwell,*
    440 F.3d 278 (5th Cir. 2006) ..................................................................11, 12, 13

*Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Group Inc.,*
    537 F.3d 527 (5th Cir. 2008) .................................................................. *passim*

*In re Key Energy Servs. Sec. Litig.,*
    166 F. Supp. 3d 822 (S.D. Tex. 2016) ...................................................18

*Local 731 I.B. v. Diodes, Inc.,*
    810 F.3d 951 (5th Cir. 2016) ..................................................................11, 15

*Lovelace v. Software Spectrum, Inc.*
    78 F.3d 1015 (5th Cir. 1996) ..................................................................4, 5

*Ludlow v. BP, P.L.C.,*
    800 F.3d 674 (5th Cir. 2015) ................................................................15

*Magruder v. Halliburton Co.,*
    No. 05-CV-1156, 2009 U.S. Dist. LEXIS 27561 (N.D. Tex. Mar. 31, 2009) ........................11

*Matrixx Initiatives, Inc. v. Siracusano,*
    563 U.S. 27 (2011) ................................................................10

*Nathenson v. Zonagen Inc.,*
    267 F.3d 400 (5th Cir. 2001) ................................................................11

*SB Int'l, Inc. v. P.R. Jindal,*
    No. 3:06-cv-1174-G, 2007 U.S. Dist. LEXIS 34999 (N.D. Tex. May 14, 2007) ....................4

*Shapiro v. UJB Fin. Corp.,*
    964 F.2d 272 (3rd Cir. 1992) ................................................................18

*Southland Sec. Corp v. INSpire Ins. Solutions Inc.,*
    365 F.3d 353 (5th Cir. 2004) ................................................................10, 11, 18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ................................................................1, 2, 10

*Town of Davie Police Pension Plan v. Pier 1 Imps., Inc.,*
    273 F. Supp. 3d 650 (N.D. Tex. 2017) ................................................................10, 13

*Truk Int'l Fund LP v. Wehlmann,*
    787 F. Supp. 2d 611 (N.D. Tex. 2009) ................................................................9, 14

**Federal Statutes, Rules, Regulations**

15 U.S.C. §78t ................................................................17

15 U.S.C. §78u-4 ................................................................ *passim*

Fed. R. Civ. P. 8(a)(2) ................................................................9

Fed. R. Civ. P. 5(b)(2) ................................................................19

Fed. R. Civ. P. 9(b) ................................................................1, 2, 3, 9, 10, 12

Fed. R. Civ. P. 12(b)(6) ................................................................1, 3, 4, 5

Fed. R. Civ. P. 41(a)(1) ................................................................4

Securities and Exchange Act of 1934 Section 10(b) ................................................................ *passim*

Securities and Exchange Act of 1934 Section 20(a) ................................................................2, 4, 17, 18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OMID ATAYI, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:19-cv-00928-A |
| AZZ, INC.; THOMAS E. FERGUSON; and PAUL W. FEHLMAN, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF**

COME NOW DEFENDANTS AZZ, INC. ("AZZ" or the "Company"), THOMAS E. FERGUSON ("Ferguson"), and PAUL W. FEHLMAN ("Fehlman") (collectively, "Defendants"), and file this their Motion to Dismiss Class Action Complaint ("Complaint") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, as well as pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4, and respectfully show the Court as follows:

**I.**
**PRELIMINARY STATEMENT**

"Private securities fraud actions, . . . if not adequately contained, can be employed abusively to impose substantial costs on companies and individuals whose conduct conforms to the law. As a check against abusive litigation by private parties, Congress enacted the [PSLRA]." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 313 (2007) (internal citations omitted). Accordingly, "[t]he PSLRA set high standards for pursuing federal securities fraud suits in order to check 'frivolous, lawyer-driven litigation, while preserving investors' ability to recover on

DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT
THEREOF – Page 1

meritorious claims.'" *Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Group Inc.*, 537 F.3d 527, 533 (5th Cir. 2008) (quoting *Tellabs*, 551 U.S. at 313).[1]  It is against this background that Plaintiff's Complaint must be judged.

Plaintiff's Complaint purports to allege two causes of action: (i) securities fraud under Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, and (ii) controlling person liability under Section 20(a) of the Exchange Act – liability that may only be imposed if there is a finding of fraud under Section 10(b). Plaintiff is required support his claims with particularized allegations of fraud as required by the PSLRA and by Rule 9(b) of the Federal Rules of Civil Procedure. The Complaint fails to satisfy those stringent standards by failing (1) to identify any misrepresentations or omissions of material facts; (2) to adequately plead scienter; and (3) to adequately plead loss causation.

Instead, Plaintiff's allegations are illogical and contradictory.  On the one hand, for example, Plaintiff alleges that Defendants failed to disclose that AZZ's internal controls over financial reporting were not effective.  On the other hand, however, Plaintiff quotes from repeated statements made by AZZ that there was a material weakness in its internal controls over financial reporting. Then Plaintiff claims that AZZ improperly implemented a recently-adopted accounting standard related to revenue recognition. Yet, Plaintiff quotes from AZZ's disclosure of the material weakness associated with the new revenue recognition standard – a disclosure that was made almost five months before the end of the purported Class Period – but fails to allege any injury to Plaintiff as a result of this material weakness. Finally, Plaintiff alleges that Defendants' positive

---

[1] Further to this goal, the PSLRA mandates the imposition of sanctions for frivolous litigation and imposes a presumption that the appropriate sanction is an award of attorneys' fees to the opposing party. 15 U.S.C. § 78u-4(c).

statements about AZZ's business, operations and prospects were materially misleading. However, Plaintiff does not identify any such statements that Plaintiff now claims were fraudulent.

In short, the Complaint falls woefully short of satisfying the pleading requirements of the PSLRA, and Rules 9(b) and 12(b)(6). Accordingly, as detailed herein, the Complaint must be dismissed.

## II.
## BACKGROUND

### A.    The Parties.

AZZ is a Texas corporation with its principal executive offices located in Fort Worth, Texas.[2] It provides galvanizing and metal coating services, welding solutions, specialty electronic equipment and highly engineered services to the power generation, transmission, distribution, refining, and industrial markets.[3] AZZ's shares are traded on the New York Stock Exchange.[4] Ferguson is AZZ's CEO, and Fehlman is its CFO.[5]

Plaintiff purports to represent a class of shareholders that purchased AZZ's stock between July 3, 2018 and October 8, 2019 ("Class Period").[6] Four days before the end of the alleged Class Period, on October 4, 2019, Plaintiff purchased a meager eight (8) shares of AZZ's stock.[7]

### B.    The Prior Class Action Lawsuit.

On January 11, 2018, the Defendants herein were sued in an earlier securities fraud class action suit styled, *Logan Mullins v. AZZ, Inc., Thomas E. Ferguson, and Paul W. Fehlman*, No.

---

[2] Class action Complaint for Violations of the Federal Securities Laws ("Compl."), ¶15.
[3] *Id.* at ¶1.
[4] *Id.* at ¶15.
[5] *Id.* at ¶¶16-17. Inexplicably, Plaintiff claims that Fehlman was the CFO until June 2015. This allegation is incorrect, as he is currently the CFO of AZZ.
[6] *Id.* at ¶1.
[7] *Id.* at ¶14; Sworn Certification of Plaintiff attached to Compl.

DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF – Page 3

4:18-cv-00025-Y, filed in the United States District Court for the Northern District of Texas, Fort Worth Division ("Mullins Lawsuit").[8] As in this case, plaintiff in the Mullins Lawsuit was represented by the Kendall Law Group, PLLC.[9]

Like this case, the plaintiff in the Mullins Lawsuit alleged that the defendants were liable under Sections 10(b) and 20(a) of the Exchange Act.[10] The Mullins Lawsuit was filed after AZZ announced, on January 9, 2018, that the filing of its third quarter Form 10-Q would be delayed due to the manner in which the Company had previously recognized revenue in its Energy Segment.[11] The Complaint in that case alleged that the defendants "made false and/or misleading statements and/or failed to disclose . . . that the Company lacked adequate internal controls over financial reporting."[12] After the appointment of lead plaintiff and lead counsel, on September 12, 2018, the Court ordered Lead Plaintiff to file an amended complaint by October 8, 2018.[13] Instead, however, on that date, Lead Plaintiff, by and through its counsel of record, including Kendall Law Group, filed a Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1).[14]

---

[8] Class Action Complaint for Violations of the Federal Securities Laws filed in the Mullins Lawsuit ("Mullins Compl.") (001). A true and correct copy is included in the Appendix at Ex. 1. In deciding a Rule 12(b)(6) motion to dismiss, a court may consider, without converting the motion into a motion for summary judgment, matters of which it may take judicial notice, *Lovelace v. Software Spectrum, Inc.* 78 F.3d 1015, 1017-18 (5th Cir. 1996), including documents filed in another court to establish the fact of another litigation. *SB Int'l, Inc. v. P.R. Jindal*, No. 3:06-cv-1174-G, 2007 U.S. Dist. LEXIS 34999, at *1 (N.D. Tex. May 14, 2007).

[9] Block & Leviton LLP also acted as counsel of record for the plaintiff. *Id.* at p.28 (028).

[10] *Id.* at ¶1 (001).

[11] *Id.* at ¶78 (021).

[12] *Id.* at ¶8 (003).

[13] A true and correct copy of the Court's Order is included in the Appendix at Ex. 2 (029-31).

[14] A true and correct copy of the Notice of Voluntary Dismissal is included in the Appendix at Ex. 3 (031-33).

DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF – Page 4

### C.   AZZ's Disclosures of Material Weakness Prior to the Alleged Class Period.

The revenue recognition issues that gave rise to the allegations in the Mullins Lawsuit ultimately resulted in AZZ's restatement of various financial statements. Further, the revenue recognition issues also resulted in AZZ disclosing that it had a material weakness in its internal control over financial reporting. On March 29, 2018, AZZ filed a Form 8-K and press release disclosing, among other things, that it had "determined that a material weakness existed relating to revenue recognition on certain contracts."[15] A few weeks later, on April 19, 2018, AZZ filed a Form 10-K/A for its fiscal year ended February 28, 2017 in which the Company provided a detailed explanation for its determination of the existence of a material weakness.[16] That disclosure included the following:

> [S]ubsequent to filing the Company's quarterly report on Form 10-Q for the period ended August 31, 2017, an error was discovered related to the Company's historical revenue recognition policies and procedures. In particular, the Company determined that for certain contracts within its Energy Segment for which revenue was historically recognized upon contract completion and transfer of title, the Company instead should have applied the percentage-of-completion method . . . . This error resulted in a material misstatement of the financial statements and required restatement of the financial statements included in the Company's Form 10-K for the fiscal year ended February 28, 2017 . . . . **The deficiency represents a material weakness in the Company's internal control over financial reporting.**
>
> . . . .
>
> Because of its inherent limitations, **internal control over financial reporting may not prevent or detect all misstatement or fraud.** Any control system, no matter how well designed and operated, is based upon certain assumptions and **can provide only reasonable, not absolute, assurance** that is objectives will be met.[17]

---

[15] March 29, 2018 Form 8-K with attached Press Release (038, 040), included in the Appendix at Ex. 4. In considering a Rule 12(b)(6) motion to dismiss, a court may properly consider SEC-required public disclosure filings without converting the motion into a motion for summary judgment. *Lovelace*, 78 F.3d at 1018.

[16] April 19, 2018 Form 10-K/A, p. 62 (102). A true a correct copy is included in the Appendix at Ex. 5.

[17] *Id.* (emphasis added).

The Form 10-K/A also disclosed the Mullins Lawsuit and the fact that the fraud claims in that case were premised on AZZ's alleged failure to properly recognize revenue in its Energy Segment.[18]

The disclosures continued. From April 19, 2018 through May 15, 2018, AZZ made four (4) additional filings with the SEC in which the same disclosures were made concerning the Company's material weakness in internal control over financial reporting and the Mullins Lawsuit.[19]

### D.     The Disclosures of Material Weakness During the Alleged Class Period and the Adoption of a New Accounting Standard.

As Plaintiff has alleged, the Class Period commences on July 3, 2018.[20] On that date, AZZ filed a Form 10-Q in which it again disclosed the existence of "a material weakness in the Company's internal control over financial reporting."[21] The Form 10-Q also disclosed the existence of the Mullins Lawsuit.[22] Further, the Company disclosed the following:

> On March 1, 2018, the Company adopted Accounting Standards Update ("ASU") No. 2014-09, *Revenue from Contracts with Customers (Topic 606)* and the related amendments ("ASC 606") using the modified retrospective method applied to those contracts which were not completed as of February 28, 2018. . . . **However, for the three months ended May 31, 2018, the impact of applying ASC 606 as opposed to applying legacy accounting guidance did not result in a significant change to reported revenues or costs of revenues.**[23]

---

[18] *Id.* at p.16 (060).

[19] April 19, 2018 Form 10-Q/A for period ended May 31, 2017, pp. 22-23 (135-36); April 19, 2018 Form 10-Q/A for period ended August 31, 2017, pp. 23-25 (161-63); May 15, 2018 Form 10-Q for period ended November 30, 2017, pp. 23-24 (189-90); May 15, 2018 Form 10-K for fiscal year ended February 28, 2018, pp. 12, 51, 56 (205, 244, 249). A true and correct copy of each of these SEC filings is included in the Appendix, respectively, at Exs. 6-9.

[20] Compl., ¶20.

[21] *Id.*; *see also* July 3, 2018 Form 10-Q for period ended May 31, 2018, p. 22 (278). A true and correct copy of the Form 10-Q is included in the Appendix at Ex. 10. Documents referred to or quoted in a complaint are considered part of the complaint and, therefore, are properly considered in ruling on a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

[22] Ex. 10, July 3, 2018 Form 10-Q, p. 23 (279).

[23] *Id.* at p.8 (264). (emphasis added).

---

DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF – Page 6

Thereafter, as Plaintiff readily admits, AZZ filed Forms 10-Q on October 9, 2018 and January 8, 2019 that contained "disclosure regarding internal control over financial reporting" that was "substantially similar" to what was disclosed in the July 3, 2018 Form 10-Q.[24] The Forms 10-Q also included disclosures about the Mullins Lawsuit.[25] And, as in the first quarter Form 10-Q, AZZ disclosed that its adoption of ASC 606 "did not result in a significant change to reported revenues or costs of revenues" in either the second or third quarters of fiscal year 2019.[26]

On May 17, 2019, AZZ filed its Form 10-K for fiscal year 2019.[27] In its disclosures regarding internal controls, the Company stated that, "[a]s of February 28, 2018, management concluded that Company's internal control over financial reporting was ineffective due to the inadequate design of controls pertaining to the Company's review and ongoing monitoring of its revenue recognition policies."[28] This disclosure was a direct reference to the material weakness disclosures that had been made before and during the Class Period, as described herein. The Company also disclosed a further material weakness relating to revenue recognition:

> On March 1, 2018, the Company adopted the new revenue recognition standard, ASC 606. The Company identified errors in its revenue reconciliations that were primarily related to the adoption of ASC 606 and were deemed inappropriate. These errors, which were not detected timely by management, were the result of inadequate operating effectiveness of controls pertaining to the Company's preparation and review of its revenue reconciliations. The errors were corrected in the Company's fiscal year 2019 consolidated financial statements; however, the deficiency represents

---

[24] Compl., ¶¶21-22; *see also* October 9, 2018 Form 10-Q for period ended August 31, 2018, p. 21 (302); January 8, 2019 Form 10-Q for period ended November 30, 2018, p. 22 (327). A true and correct copy of each of the Forms 10-Q are included in the Appendix, respectively, at Exs. 11-12.

[25] October 9, 2018 Form 10-Q, p. 22 (303); January 8, 2019 Form 10-Q, p. 23 (328).

[26] October 9, 2018 Form 10-Q, p. 8 (289); January 8, 2019 Form 10-Q, p. 9 (314).

[27] Compl., ¶24.

[28] *Id.*; *see also* May 17, 2019 Form 10-K, p.61 (391). A true and correct copy of the Form 10-K is included in the Appendix at Ex. 13.

a material weakness in the Company's internal control over financial reporting.[29]

Thus, the May 17, 2019 filing disclosed once again the material weakness that the Company had been disclosing since March 29, 2018 – a material weakness in the Company's internal control over financial reporting. However, and unlike the revenue recognition problem previously reported in early 2018, the ASC 606 revenue recognition issue did not result in a restatement: "The errors were corrected in the Company's fiscal year 2019 consolidated financial statements."[30]   Thus, the ASC 606 issue only resulted in the continued disclosure of a material weakness without any accompanying correction of prior financial statements.[31]   Interestingly, however, Plaintiff relies on the foregoing disclosure when he alleges that the "truth began to emerge" with the filing of the May 17, 2019 Form 10-K.[32]

The Company included the same disclosure of material weakness related to revenue recognition as a result of the adoption of ASC 606 described above in its July 8, 2019 Form 10-Q.[33]

### E.   Plaintiff's Allegations.

Plaintiff alleges that, during the Class Period, Defendants failed to disclose (1) that the Company's internal controls over financial reporting were not effective; (2) that the Company improperly implemented ASC 606 which resulted in improper revenue reconciliations; and (3)

---

[29] Compl., ¶24; Ex. 13, May 17, 2019 Form 10-K, p. 61 (391).

[30] *Id.*

[31] *See generally* Compl. (no allegations of a financial restatement resulting from the ASC 606 issue).

[32] Compl., ¶24.

[33] *Id.* at ¶28; July 8 2019 Form 10-Q for period ended May 31, 2019, p. 20 (417). A true and correct copy of the Form 10-Q is included in the Appendix at Ex. 14.

that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations and prospects were materially misleading and/or lacked a reasonable basis.[34]

## III.
## STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain factual allegations that are sufficient to "allow the court to infer that the plaintiff's right to relief is plausible." *Truk Int'l Fund LP v. Wehlmann*, 787 F. Supp. 2d 611, 619 (N.D. Tex. 2009)(McBryde, J.)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). In evaluating a motion to dismiss, "even though a court must accept all of the factual allegations in the complaint as true, a court need not credit bare legal conclusions that are unsupported by any underpinnings." *Id.* (citing *Iqbal*, 129 S. Ct. at 1959). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. Pro. 8(a)(2)).

The PSLRA imposes a heightened pleading standard for complaints alleging violations of Section 10(b) in two ways. *Ind. Elec.*, 537 F.3d at 533. "First, plaintiffs must 'specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading . . . .'" *Id.* (quoting 15 U.S.C. §78u-4 (b)(1)(B)). The complaint must set forth the "who, what, when, where and how" of the alleged fraud. *ABC Arbitrage Plaintiff's Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). This pleading requirement incorporates the Rule 9(b)

---

[34] Compl., ¶¶8, 23, 29.

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF** – Page 9

pleading requirements for fraud claims. *Id.* Where allegations of fraud are based on omissions, "it bears emphasis that § 10(b) and Rule 10b-5(b) do not create an affirmative duty to disclose any and all material information. Disclosure is required under those provisions only when necessary 'to make . . . statements made, in the light of the circumstances under which they were made, not misleading." *Town of Davie Police Pension Plan v. Pier 1 Imps., Inc.*, 273 F. Supp. 3d 650, 685 (N.D. Tex. 2017) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011)).

Second, under the PSLRA, "for 'each act or omission alleged' to be false or misleading, plaintiffs must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Ind. Elec.*, 537 F.3d at 533 (quoting 15 U.S.C. §78u-4 (b)(2)). "Group pleading" is insufficient to adequately plead scienter; instead, the plaintiff must specify the material misstatements or omissions made by each defendant and facts supporting a strong inference of scienter for each defendant. *Southland Sec. Corp v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 365 (5th Cir. 2004). "To qualify as 'strong' within the meaning of [the PSLRA], an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314. In order to properly plead a "strong inference of scienter," a plaintiff must sufficiently plead, as to each defendant, an "intent to deceive, manipulate, or defraud" or "severe recklessness." *Ind. Elec.*, 537 F.3d at 533. As the Fifth Circuit has stated:

> Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.

*Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 430 (5th Cir. 2002) (internal citation and quotation omitted). Importantly, "scienter must exist at the time the misrepresentation or omission allegedly occurred." *Magruder v. Halliburton Co.*, No. 05-CV-1156, 2009 U.S. Dist. LEXIS 27561, at \*28 (N.D. Tex. Mar. 31, 2009); *see also Southland*, 365 F.3d at 366 (recognizing that scienter can be attributed to a corporation "only if the individual corporate officer making the statement has the requisite level of scienter" at the time the statement is made).

When analyzing allegations of scienter against a corporate defendant, such as AZZ, courts must address the allegations of scienter as to each individual officer defendant to determine whether the complaint satisfies the heightened pleading requirements of scienter. *See Ind. Elec.*, 537 F.3d at 533; *Southland*, 365 F.3d at 366. However, "an officer's position with a company does not suffice to create an inference of scienter." *Local 731 I.B. v. Diodes, Inc.*, 810 F.3d 951, 958 (5th Cir. 2016) (quoting *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 424 (5th Cir. 2001)). Instead, "even if a corporate officer's position supports a reasonable inference that he likely would be negligent in not being involved in the preparation of a document or aware of its contents, the PSLRA state of mind requirement is severe recklessness or actual knowledge." *Southland*, 365 F.3d at 365.

## IV.
## ARGUMENTS AND AUTHORITIES

### A.    Plaintiff Fails to State a Claim Under Section 10(b) and Rule 10b-5.

In order to state a claim under Section 10(b), the plaintiff must allege, "in connection with" the purchase and sale of securities: (1) a misstatement or an omission; (2) of material fact; (3) made with scienter; (4) on which plaintiff relied; and (5) that proximately caused the plaintiff's injury. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *ABC*

*Arbitrage,* 291 F.3d at 348. As detailed above, Rule 9(b) and the PSLRA impose a heightened pleading standard on the first and third of these elements. Because Plaintiff's Complaint falls woefully short of the pleading standards, the Complaint must be dismissed.

1.    **Plaintiff Fails to Adequately Plead Actionable Misrepresentations or Omissions.**

a.    *Defendants failed to disclose that the Company's internal controls over financial reporting were not effective.*

Plaintiff alleges that Defendants failed to disclose "that the Company's internal control over financial reporting was not effective."[35] To the contrary, as detailed in Sections II.C. and II.D. above, AZZ disclosed the material weakness in internal controls over financial reporting both before and during the alleged Class Period. Specifically, from March 29, 2018 through July 8, 2019, AZZ disclosed the existence of the material weakness in internal controls in eleven (11) of its SEC filings.[36] Indeed, Plaintiff himself quoted or referenced some of the very disclosures that he claims were omitted by Defendants.[37] Furthermore, Plaintiff fails to specify whether or why the foregoing disclosures regarding internal controls were misleading.[38] *See Ind. Elec.,* 537 F.3d at 533. Accordingly, because it is beyond dispute that the disclosures Plaintiff claims were omitted were, in fact, made, and Plaintiff has not alleged with any specificity that the disclosures were misleading, Plaintiff's Complaint for securities fraud based upon this allegation must be dismissed because Plaintiff has failed to identify any material misstatement or omission. *See, e.g., Fin. Acquisition Partners LP,* 440 F.3d at 286 (noting that a misstatement or omission is the required first element of proof in a Section 10(b) case).

---

[35] Compl., ¶¶8, 23, 29.

[36] *See* Exs. 4-13, each of which are discussed in Sections II.C. and II.D. above.

[37] *Id.* at ¶¶20-22, 24, 28.

[38] *See generally* Compl.

DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT THEREOF – Page 12

> b. *Defendants failed to disclose that the Company improperly implemented ASC 606 which resulted in improper revenue reconciliations.*

Plaintiff alleges that Defendants failed to disclose that AZZ improperly implemented ASC 606 which resulted in improper revenue reconciliations.[39] Again, however, AZZ did disclose the material weakness associated with the ASC 606 implementation on May 17, 2019 and July 8, 2019 – months before the conclusion of the purported Class Period.[40] Nor does Plaintiff allege any facts (or even make a conclusory allegation) to support a claim that Defendants had a duty to disclose the ASC 606 implementation issue prior to May 17, 2019.[41] *See Town of Davie Police Pension Plan*, 273 F. Supp. 3d at 685 (holding that a duty to disclose only exists when disclosure is necessary to make statements made not misleading). This is particularly true in this case when AZZ's material weakness in internal control over financial reporting had been made both prior to and throughout the alleged Class Period. Thus, the existence of a material weakness was well known to the market. Furthermore, Plaintiff fails to specify whether or why the foregoing disclosures regarding internal controls were misleading.[42] *See Ind. Elec.*, 537 F.3d at 533. Accordingly, because it is beyond dispute that the disclosures Plaintiff claims were omitted were, in fact, made, and Plaintiff has not alleged with any specificity that the disclosures were misleading, Plaintiff's Complaint for securities fraud based upon this allegation must be dismissed because Plaintiff has failed to identify any material misstatement or omission. *See, e.g., Fin. Acquisition Partners LP*, 440 F.3d at 286.

---

[39] *Id.* at ¶¶8, 23, 29.
[40] *Id.* at ¶¶24, 28.
[41] *See generally* Compl.
[42] *See generally id.*

c.   *Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.*

Plaintiff's final allegation in support of his Section 10(b) claim is that Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.[43] However, Plaintiff fails to identify any "positive statements," much less specify the "who, what, when, where and how" of the alleged fraud. *See ABC Arbitrage*, 291 F.3d at 350; *Truk Int'l*, 737 F. Supp. 2d at 619. A court cannot "credit bare legal conclusions that are unsupported by any factual underpinnings." *Truk Int'l*, 737 F. Supp. 2d at 619. Absent these allegations, Plaintiff's securities fraud claim based upon these unidentified "positive statements" must be dismissed.

### 2.   Plaintiff Fails to Adequately Plead Scienter.

Not only has Plaintiff failed to identify any actionable material misrepresentations or omissions, Plaintiff has also failed to adequately plead scienter. Plaintiff's scienter allegations are limited to two conclusory sentences, unsupported by any facts.[44] In order to appropriately allege scienter against AZZ, Plaintiff must sufficiently plead scienter against the two individual Defendants in this case – Ferguson and Fehlman. *See Ind. Elec.*, 537 F.3d at 533. However, Plaintiff has failed to allege any facts against either Ferguson or Fehlman that would give rise to a strong inference of scienter. More specifically, Plaintiff has neither alleged facts that they intended to deceive, manipulate, or defraud, nor has he alleged facts supporting a claim that Ferguson or Fehlman acted with severe recklessness with regard to any statement. *See id.* In fact, Plaintiff has not even attributed any particular statement to either of the individual Defendants,

---

[43] Compl., ¶¶8, 23, 29.
[44] *Id.* at ¶45.

much less alleged facts supporting their state of mind at the time the alleged statement was made. *See id.* At best, Plaintiff's allegations only support the notion that Ferguson and Fehlman were named as Defendants solely because of their positions with the Company. However, because an officer's position with the company is insufficient to create an inference of scienter, Plaintiff's Section 10(b) claim must be dismissed for this additional reason. *See, Local 731 I.B.*, 810 F.3d at 958.

### 3.     Plaintiff Fails to Adequately Plead Loss Causation.

The loss causation element of the Section 10(b) claim "demands a causal connection between the misstatement and claimed economic loss." *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 681-82 (5th Cir. 2015). Thus, "the fact that a stock's 'price on the date of purchase was inflated because of [a] misrepresentation' does not necessarily mean that the misstatement is the cause of a later decline in value." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812 (2011) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005)). "Plaintiffs can withstand dismissal by adequately alleging a 'corrective disclosure' of a previously concealed truth caused a decline in the stock's price." *In re Dell Sec. Litig.*, 591 F. Supp. 2d 877, 906 (W.D. Tex 2008). In other words, a plaintiff "must explicitly allege a corrective disclosure – i.e., a statement that corrects a previous misrepresentation or discloses a prior omission – that, when disclosed, negatively affected the value of the security." *Congregation of Ezra Sholom v. Blockbuster, Inc.*, 504 F. Supp. 2d 151, 167 (N.D. Tex. 2007). Plaintiff has failed to adequately allege loss causation because Plaintiff has failed to identify any "corrective disclosure," much less one that resulted in the decline in the value of AZZ's stock price.

More specifically, Plaintiff alleges that the "truth began to emerge" after the market closed on Friday, May 17, 2019 when AZZ once again disclosed in its Form 10-K a material weakness.[45] Although the particular description of the material weakness identified AZZ's adoption of ASC 606, the disclosure still related to the Company's internal controls regarding revenue recognition,[46] which as discussed herein, had been disclosed repeatedly prior to May 17, 2019. In any event, however, Plaintiff fails to allege (1) what misstatement this "truth" corrected or what omission was now disclosed, and (2) that the May 17, 2019 disclosure itself resulted in a decline in AZZ's stock price.[47] Instead, Plaintiff relies on an intervening disclosure, one made "before the next trading session opened on [Monday] May 20, 2019," wherein AZZ announced that it had replaced its independent accounting firm, BDO USA, LLP, with Grant Thornton, LLP.[48] However, the press release on which Plaintiff relies contains no "corrective disclosure" related to material weaknesses, ASC 606, or any other statements, and Plaintiff does not allege any such "corrective disclosure."[49] Indeed, the change in auditors "was not the result of any disagreement between the Company and BDO on any matter of accounting principles or practices, financial statement disclosure, or auditing scope or procedure."[50] In short, Plaintiff fails to identify what the May 17, 2019 disclosures "corrected" and how such "correction" (and not the change in auditors) caused the AZZ stock price decline.[51]

---

[45] *Id.* at ¶24.

[46] *Id.*

[47] *Id.* Because the ASC 606 issue did not result in a financial restatement, for this additional reason, Plaintiff (even if he had attempted to so allege) cannot adequately allege harm caused by such disclosure.

[48] *Id.* at ¶26; *see also* May 20, 2019 AZZ Press Release (421), a true and correct copy of which is included in the Appendix at Ex. 15.

[49] *Id.*

[50] Ex. 15, May 20, 2019 AZZ Press Release (421).

[51] Plaintiff next quotes from material weakness disclosures contained in the Company's July 8, 2019 Form 10-Q. Compl., ¶28. However, Plaintiff does not allege that AZZ's stock price declined as a result of

Plaintiff includes a section in his Complaint entitled "Disclosures at the End of the Class Period."[52] In that section, Plaintiff claims the Class Period ended on October 8, 2019 when AZZ announced the delay in the filing of its second quarter 2020 Form 10-Q.[53] However, as Plaintiff is forced to admit, the delay in the Form 10-Q filing had nothing to do with AZZ's revenue recognition policies. Instead, AZZ, in its SEC-filed Form 12b-25, stated that the filing delay was because "it needed additional time to finalize its income tax accounting for the quarter, which has been impeded by an ongoing analysis of certain historical deferred tax balances."[54] Plaintiff also cites the announced departure of AZZ's Chief Accounting Officer.[55] However, Plaintiff does not allege, nor can he, that the CAO's departure had anything to do with revenue recognition[56]: "Mr. Byelick's departure is not the result of any disagreement with the Company regarding its operations or accounting policies or practices."[57] In short, Plaintiff has failed to identify any "corrective disclosures" that were made at the end of (or during) the alleged Class Period.

For each of these reasons, Plaintiff has failed to adequately plead loss causation and, thus, the Complaint must be dismissed.

### B.    Plaintiff Fails to State a Claim Under Section 20(a).

Plaintiff alleges Section 20(a) controlling person liability against Defendants Ferguson and Fehlman.[58] Section 20(a) of the Exchange Act imposes controlling person liability on persons who

---

the disclosure. Nor does Plaintiff identify what statements in the Form 10-Q were "corrective disclosures."

[52] Compl., p. 9.

[53] *Id.* at ¶30.

[54] *Id.* at ¶32; *see also* October 11, 2019 Form 12b-25 (424), a true and correct copy of which is included in the Appendix at Ex. 16.

[55] Compl., ¶33.

[56] *See id.*

[57] October 25, 2019 Form 8-K with Press Release (425,428), a true and correct copy of which is included in the Appendix at Ex. 17.

[58] Compl., ¶¶64-66.

directly or indirectly control "any person liable" under Section 10(b). *See* 15 U.S.C. §78t. Thus, the statute "plainly requires the plaintiff to prove not only that one person controlled another person, but also that the 'controlled person' is liable under the Act. If no controlled person is liable, there can be no controlling person liability." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 279 (3rd Cir. 1992). In short, "[c]ontrol person liability is secondary only and cannot exist in the absence of a primary violation." *Southland*, 365 F.3d at 383; *In re Key Energy Servs. Sec. Litig.*, 166 F. Supp. 3d 822, 842 (S.D. Tex. 2016)("Control person liability is derivative; if a plaintiff fails to state a claim for a primary violation of section 10(b) or Rule 10b-5, any claim for control person liability fails."). Because, as detailed herein, Plaintiff has failed to adequately plead any Section 10(b) violations by Defendants, Plaintiff has, likewise, failed to plead violations of Section 20(a), and that claim must also be dismissed. *See Local 210 Unity Pension & Welfare Funds v. McDermott Int'l Inc.*, No. 4:13-CV-2393, 2015 U.S. Dist. LEXIS 31468 at *32 (S.D. Tex. Mar. 13, 2015).

## V.
## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff's Complaint must be dismissed. Plaintiff's Section 10(b) claim must be dismissed because it fails to adequately allege (1) any material misstatement or omission, (2) scienter on the part of any Defendant, and (3) loss causation. Further, because Plaintiff failed to adequately plead a Section 10(b) claim, Plaintiff's Section 20(a) controlling person claim must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that their Motion to Dismiss be, in all things, GRANTED, that Plaintiff's Complaint be dismissed in its entirety, and for such other and further relief to which Defendants may show themselves justly entitled.

Dated: December 2ᵈ, 2019

Respectfully submitted,

By: _____
Elizabeth L. Yingling
elizabeth.yingling@bakermckenzie.com
State Bar No. 16935975
Kimberly F. Rich
kimberly.rich@bakermckenzie.com
State Bar No. 24010344
Allen S. Al-Haj
allen.alhaj@bakermckenzie.com
State Bar No. 24096707

BAKER & MCKENZIE LLP
1900 N. Pearl Street, Suite 1500
Dallas, Texas 75201
214.978.3000—Telephone
214.978.3099—Facsimile

ATTORNEYS FOR DEFENDANTS
AZZ, INC., THOMAS E. FERGUSON
and PAUL W. FEHLMAN

## CERTIFICATE OF SERVICE

I hereby certify that on December 2ᵈ, 2019, a true and correct copy of the foregoing document was submitted to the clerk of court for the U.S. District Court, Northern District of Texas, via hand delivery, in accordance with Judge McBryde's January 15, 2019 Standing Order. Additionally, I hereby certify that I have served all counsel electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
Elizabeth L. Yingling